UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ENRIQUETA TERZIOGLU and
DANUTA CHABER,

                Plaintiffs,          Civ. Action No.:   16-CV-8851

       -against-                       **COMPLAINT**

ALEXANDER ROEPERS and               **JURY TRIAL DEMANDED**
BUSHRA ROEPERS,

                Defendants.
-----------------------------------------------------------------X

       Plaintiffs Enriqueta Terzioglu and Danuta Chaber ("Plaintiffs"), by and through their attorneys, Beranbaum Menken LLP, allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs are former employees of Defendants Alexander Roepers and Bushra Roepers ("Defendants").

2. At all times relevant to this Complaint, Defendants' primary location was 4 East 66th Street, 3rd Floor, New York, New York 10065.

3. Plaintiffs were employed by Defendants as domestic workers.

4. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of 40 hours per week without providing the overtime compensation required by federal and state law and regulations.

5. Plaintiffs regularly worked for Defendants in excess of 40 hours per week without appropriate overtime compensation as required by federal and state law and regulations.

6. At all times relevant to this Complaint, Defendants failed to maintain accurate records of Plaintiffs' hours worked and failed to provide Plaintiff with wage statements or annual notices, as required by NYLL § 195(1) and (3).

7. Plaintiffs bring this action to recover unpaid wages and liquidated damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL") §§ 190 *et seq.*, including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff Chaber's federal claim under the FLSA pursuant to 29 U.S.C. § 216(b).

9. Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

10. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

11. Plaintiffs Enriqueta Terzioglu ("Terzioglu"), and Danuta Chaber ("Chaber") are adult individuals residing in Queens County, New York.

12. Defendants Alexander Roepers and Bushra Roepers ("Roepers") are adult individuals residing in New York, New York. At all relevant times to this complaint, Plaintiffs were employed by Defendants to work at the residence of the Roepers, located at 4 East 66th Street, 3rd Floor, New York, New York 10065.

2

## INDIVIDUAL FACTS

13. Plaintiff Chaber was employed by Defendants from February 2008 to March 2015 as a laundress, primarily handling all washing, folding and servicing of the laundry, as well as some housekeeping and cleaning when needed. During that time she regularly worked 45 hours per week.

14. Plaintiff Terzioglu was employed by Defendants from 1996 to 1999, 2008 to September 2012, and then part-time thereafter, providing housekeeping, cooking, cleaning, shopping, childcare, and pet care services. During that time she regularly worked 50 hours per week.

15. At all times relevant to this Complaint, Defendants operated and/or controlled the domestic employment for their residence located at 4 East 66th Street, 3rd Floor, New York, New York 10065.

16. Defendants determined the wages and compensation of Plaintiffs, established their schedules, maintained employee records, and had the authority to hire and fire Plaintiffs.

17. Defendants prepared and signed off on each of the Plaintiff's employment agreements. Defendants' names also appear on Plaintiffs' earnings statements and paychecks.

18. Plaintiffs' work duties required neither discretion nor independent judgment.

19. Throughout Plaintiffs' employment with Defendants, Plaintiffs regularly worked in excess of 40 hours per week.

20. Plaintiff Chaber was scheduled to work from 8:00 a.m. to approximately 6:00 p.m., four days per week, and one day per week from 8:00 a.m. to 1:00 p.m. Often the workload was heavy and in fact, she typically worked 45-47 hours per week.

21. Plaintiff Chaber was not paid overtime for the hours she worked in excess of 40 per week from October 2010 to March 2015. Defendants owe her jointly and severally approximately $31,800.00.

22. Defendants required that Plaintiff Chaber sign an employment agreement for her "part-time laundress" position that fails to state that Defendants would pay Chaber for overtime, and in fact they did not.

23. Plaintiff Terzioglu worked 10 hours per day, five days per week, including Saturdays and Sundays. She was also required to work, as needed, up to one evening per week babysitting. Additionally, Defendants required that she travel with the family, as needed, as this was a live-out position.

24. Plaintiff Terzioglu was not paid overtime wages for hours worked in excess of 40 per week from October 2010 to September 2012. Defendants owe her jointly and severally approximately $28,318.00.

25. Defendants had Plaintiff Terzioglu sign a letter agreement stating that she is an "exempt" employee and is therefore not entitled to overtime.

26. However, Plaintiff Terzioglu is not an "exempt" employee and therefore must be compensated for the hours of overtime she worked for Defendants.

27. Defendants did not notify Plaintiffs, either in the form of posted notices or other means, regarding legal wages as required under the FLSA and NYLL.

28. Defendants did not provide Plaintiffs with wage statements containing information about their hourly rate, their overtime rate, and the number of hours worked per week, as required by NYLL § 195(3).

29. Defendants did not give any notice to Plaintiffs of their rate of pay, employer's regular payday, or other such other information, as required by NYLL § 195(1).

30. Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

31. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs worked, and to avoid properly paying Plaintiffs as required by state and federal law and regulations.

## FIRST CAUSE OF ACTION
### Violation of FLSA – Failure to Pay Overtime to Plaintiff Chaber

32. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

33. At all times relevant to this action, Defendants were Plaintiff Chaber's employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

34. Defendants had the power to hire and fire Plaintiff Chaber, controlled her terms and conditions of employment, and determined the rate and method of any compensation in exchange for employment.

35. Defendants, in violation of the FLSA, failed to pay Plaintiff Chaber overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 207(g).

36. Defendants' failure to pay Plaintiff Chaber overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

37. As a result, Defendants are liable to Plaintiff Chaber for unpaid overtime wages, liquidated damages, interest, and attorneys' fees.

## SECOND CAUSE OF ACTION
**Violation of NYLL – Failure to Pay Overtime to Plaintiffs Chaber and Terzioglu**

38. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

39. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of NYLL §§ 2 and 651.

40. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of their employment, and determine the rates and methods of any compensation in exchange for employment.

41. Defendants, in violation of NYLL §§ 190 *et seq.* and 12 NYCRR §§ 142-2.2 *et seq.*, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek.

42. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

43. As a result, Defendants are liable to Plaintiffs for unpaid overtime wages, liquidated damages, interest, and attorneys' fees.

## THIRD CAUSE OF ACTION
**Violation of NYLL – Failure to Provide Annual Notice to Chaber and Terzioglu**

44. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

45. Defendants failed to provide Plaintiffs with an annual written notice, in English and in Plaintiffs' "primary language," of their rate of pay, regular pay day, and such other information as required by NYLL § 195(1).

46. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### Violation of NYLL – Failure to Provide Wage Statements to Chaber and Terzioglu

47. Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

48. Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL § 195(3).

49. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants:

(a) Declaring that as to Plaintiff Chaber, Defendants have willfully violated the overtime wage provisions and associated rules and regulations of the FLSA;

(b) Declaring that as to Plaintiffs, Defendants have willfully violated the overtime wage provisions and associated rules and regulations of the NYLL;

(c) Declaring that as to Plaintiffs, Defendants have willfully violated the notice, recordkeeping, and wage statement requirements of the NYLL;

(d) Awarding Plaintiff Chaber damages in the amount of her unpaid overtime wages and the improper deductions taken against wages under the FLSA;

(e) Awarding Plaintiffs damages in the amount of their unpaid overtime wages and the improper deductions taken against their wages under the NYLL;

(f) Awarding Plaintiffs statutory damages pursuant to NYLL § 198(1)(b) and (d);

(g) Awarding Plaintiff Chaber liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages and improper deductions taken against her wages under the FLSA;

(h)  Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and improper deductions taken against wages under the NYLL;

(i)  Awarding Plaintiffs pre-judgment and post-judgment interest, as applicable;

(j)  Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees; and

(k)  Granting all such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
November 15, 2016

Respectfully submitted,

By: _____
Grace Cretcher
BERANBAUM MENKEN LLP
80 Pine Street, 33rd Floor
New York, NY 10005
Ph: (212) 509-1616
Fax: (212) 509-8088